UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AARON B. HILL                                    CIVIL ACTION

VERSUS                                           NUMBER: 12-0551

STATE OF LOUISIANA                               SECTION: "S"(5)

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Aaron B. Hill, and the State's memorandum in response thereto. (Rec. docs. 1, 4, 11).[1] Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that the instant petition be dismissed with prejudice.

## I. PROCEDURAL HISTORY

On May 12, 2010, a bill of information was issued charging petitioner, Aaron B. Hill, with operating a vehicle while intoxicated (DWI), in violation of LSA-R.S. §14:98, and with

---

[1]Hill's original petition (rec. doc. no. 1) was not in compliance with Rule 2(d) of the Rules Governing Section 2254 Cases which provides that "[t]he petition must substantially follow either the form appended to these rules or a form prescribed by a local district court." Hill was provided with a copy of the proper form and on or about March 27, 2012, Hill submitted a habeas petition on the proper form (rec. doc. no. 4). This Court has reviewed the arguments set forth in both memoranda.

careless operation of a motor vehicle, in violation of LSA-R.S. 32:58.[2] On February 23, 2011, Hill appeared in Slidell City Court for trial and was found guilty by the presiding judge. On that same date, Hill, in connection with his first offense DWI conviction was sentenced to a six-month suspended jail sentence and was placed on one year supervised probation. Further, the following "special" conditions were imposed upon Hill: 1) he must perform four eight-hour days of community service; 2) he must enroll in, attend and successfully complete the Driver Improvement program; 3) he must enroll in, attend and successfully complete an approved substance abuse program; 4) he must pay into the Criminal Court Fund a sum of $600.00 plus costs and agency fees; 5) he must pay a supervision fee of $50.00 a month during the probation period; 6) he must attend and complete a court approved Victim Impact Class. With regard to his Careless Operation of a Motor Vehicle conviction, Hill was ordered to pay $326.00 or serve ten days in jail.[3]

On February 28, 2011, Hill's counsel filed with the trial

---

[2]St. Rec. Vol. 1 of 1. The bill of information does not specify that the DWI charge was Hill's first offense. However, a member of the Court's staff contacted the City Court of Slidell, where the bill of information was filed, and was informed that the DWI charge against Hill was his first offense.

[3]St. Rec. Vol. 1 of 1, Extract of Minute Entry, February 23, 2011.

court a motion to set a return date for supervisory writs.[4] The court granted Hill until March 25, 2011 to file his writ application with the Louisiana First Circuit Court of Appeal.[5] On March 24, 2011, Hill filed with the Louisiana First Circuit a pro se motion seeking an extension of time to file his writ application. The Louisiana First Circuit granted Hill's motion, giving him until June 13, 2011 to file his writ application.[6]

On June 7, 2011, Hill filed his writ application with the Louisiana First Circuit, arguing that illegally obtained evidence was used against him and his counsel erred in failing to suppress the evidence.[7] On August 1, 2011, the state appellate court issued an order, providing:

> **WRIT NOT CONSIDERED.** Relator failed to comply with Uniform Rules of Louisiana Courts of Appeal, Rule 4-5(A), in that the application does not contain an affidavit verifying the allegations of the application and certifying that a copy has been delivered or mailed to the respondent judge and to opposing counsel, and listing the addresses and telephone numbers of the respondent judge and opposing counsel. Relator also failed to comply with Rule 4-5(C)(1), (6), (7), (8), and (10), by

---

[4] St. Rec. Vol. 1 of 1.

[5] St. Rec. Vol. 1 of 1.

[6] State v. Hill, No. 2011-KM-0619 (La. App. 1 Cir. 2011). St. Rec. Vol. 1 of 1.

[7] St. Rec. Vol. 1 of 1. Hill mistakenly numbered his writ application 2011-KM-0619, the number assigned to his motion for an extension of time.

3

failing to include an index, a copy of the judgment, order, or ruling complained of, a copy of the judge's reasons for the judgment (if any), a copy of the pleadings on which the ruling was founded (including a copy of the bill of information and any motions filed with the trial court), and a copy of all of the pertinent court minutes. Moreover, although it is not a violation of the Uniform Rules, we note that relator failed to include a copy of a transcript of the proceedings at issue and a copy of any exhibits introduced at the hearing. See City of Baton Rouge v. Plain, 433 So.2d 710 (La.), cert. denied, 464 U.S. 896, 104 S.Ct. 246, 78 L.Ed.2d 235 (1983); La. Code Crim. P. Art. 912.1(C)(1). Supplementation of this writ application and/or an application for rehearing will not be considered. See Uniform Rules of Louisiana Court of Appeal, Rules 2-18.7 & 4-9. In the event relator elects to file a new application with this Court, the application must be filed on or before September 28, 2011.[8]

On September 1, 2011, Hill filed a writ of certiorari with the Louisiana Supreme Court, arguing that his attorney erred in failing to suppress the unlawfully obtained evidence used against him.[9] On January 20, 2012, the Louisiana Supreme Court denied Hill's writ application without opinion.[10] On April 27, 2012, the Louisiana Supreme Court denied, without opinion, Hill's application for

---

[8]State v. Hill, No. 2011-KW-1113 (La. App. 1 Cir. 2011). St. Rec. Vol. 1 of 1. There is no evidence that Hill filed a new writ application with the Louisiana First Circuit.

[9]St. Rec. Vol. 1 of 1. September 1, 2011 represents the post marked date of Hill's writ application. See September 2, 2001 letter from the Clerk of Court for the Louisiana Supreme Court.

[10]State v. Hill, 78 So.3d 142, 2011-K-1920 (La. 2012). St. Rec. Vol. 1 of 1.

4

reconsideration.[11]

On February 23, 2012, Hill filed the instant habeas corpus action.[12] In his habeas application Hill again complains that counsel was ineffective in failing to suppress the unlawfully obtained evidence used against him, stating that counsel allowed "the <u>Miranda</u> rule to be overlooked." Hill also complains that counsel was ineffective because she did not try to obtain a jury trial and did not file a motion for a new trial.[13]

In its response, the State concedes and this Court finds that

---

[11]<u>State v. Hill</u>, 86 So.3d 613, 2011-K-1920 (La. 2012). St. Rec. Vol. 1 of 1.

[12]According to the records of the Clerk of Court, the Clerk's office received Hill's petition on February 23, 2012, along with a $350.00 filing fee. On February 24, 2012, the Clerk's office contacted Hill and advised that he had paid too much money, that his habeas filing fee was only $5.00. On February 28, 2012, the Clerk received Hill's $5.00 fee and filed the petition on that date. Because Hill was not in prison at the time he filed the instant action, he is not entitled to the benefit of the mailbox rule. <u>See</u> <u>Petty v. Stidham</u>, 2012 WL 379550, *1 n.1 (N.D.Tex. 1/4/12) (petitioner is not incarcerated; thus, the prison mailbox rule is inapplicable), <u>adopted</u>, 2012 WL 379487 (N.D.Tex. 2/6/12). Accordingly, the State asserts that Hill's petition should be considered filed on February 28, 2012, the date he paid his filing fee and the Clerk officially filed his petition. Rec. Doc. No. 11, p. 2. However, Hill actually paid his filing fee on February 23, 2012, when the Clerk received his petition. He simply paid too much. For this reason, the Court concludes that February 23, 2012 should properly serve as Hill's filing date.

[13]Hill's complaint that counsel failed to file a motion for a new trial is only set forth in his original petition. Rec. Doc. No. 1, p. 3.

5

Hill's habeas application is timely.[14] The State, however, questions whether this Court has jurisdiction to adjudicate this matter and whether Hill has exhausted his state court remedies.

II. **JURISDICTION**

The State asserts that "it is unclear from the petition" whether Hill "successfully completed" his one-year probation period when he filed the instant action (emphasis added). "Since petitioner's sentence may have been completed at the time the Petition for Habeas Corpus Relief was filed, petitioner was not in custody, and therefore, there is no jurisdiction pursuant to 28 U.S.C. §2254 to adjudicate his claims."[15]

28 U.S.C. §2241(c)(3) provides that the right to file a writ of habeas corpus shall not be extended unless the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States [emphasis added]." The "in custody" language does not require that a petitioner be "physically confined in order to challenge his sentence on habeas corpus." Maleng v. Cook, 490 U.S. 488, 491 (1989). It is only after a petitioner has been discharged

---

[14]Rec. Doc. No. 11, p. 4.

[15]Rec. Doc. No. 11, pp. 2-3. As noted above, Hill was sentenced to a one-year period of probation on February 23, 2011. If his probation period was terminated exactly one year later, arguably his sentence had expired on the date he filed his habeas petition with this Court.

6

from his term of parole or probation that he is no longer "in custody" for purposes of seeking habeas relief. <u>United States v. Tavarez</u>, 79 Fed. Appx. 79, 80 (5th Cir. 2003) (because petitioner has not yet been discharged from his term of parole; he is still "in custody" for habeas corpus purposes).

The State's argument that this Court lacks jurisdiction because Hill was not "in custody" when he filed this action is without merit. Hill was <u>not</u> discharged from his probation on February 23, 2012. Pursuant to a telephone conference with Pamela Perkins, Chief Deputy for the Slidell City Court, this Court's staff was informed that Mr. Hill, to this date, remains on probation. Ms. Perkins advised that Mr. Hill's probation "has not been terminated" by the court because he has not successfully completed all of the conditions of his probation. Accordingly, Hill was "in custody" when he filed this action and, as such, this Court has jurisdiction to adjudicate the matter.

### III. **EXHAUSTION**

The State contends that Hill has failed to exhaust his state court remedies.

A fundamental prerequisite to federal habeas relief under §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th Cir.1998) (citing <u>Rose v. Lundy</u>, 455 U.S. 509,

7

519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. §2254(b)(1)(A); Rose, 455 U.S. at 519-20).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Nobles, 127 F.3d at 420).

Hill has presented to the state courts the "substantial equivalent" of his claims that unlawfully obtained evidence was presented against him and that counsel was ineffective in failing to have the evidence suppressed. Hill, however, has not presented to the state courts his claim that counsel was ineffective because he made no effort to obtain a jury trial and did not seek a new trial. Thus, these claims are not exhausted. Nevertheless,

because the claims are without merit, this Court will address the merits of said claim without requiring full exhaustion. 28 U.S.C. §2254(b)(2).

## IV. PROCEDURAL DEFAULT

Though not raised by the State, it appears, based upon the Court's review of the record, that Hill's exhausted claims are procedurally barred.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Glover v. Cain, 128 F.3d 900, 902 (5th Cir.1997); Amos v. Scott, 61 F.3d 333, 338 (5th Cir.1995) (citing Harris v. Reed, 489 U.S. 255, 260, 262 (1989)). This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review. Amos, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim raised in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. Harris, 489 U.S. at 263; Glover, 128

F.3d at 902.  When the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, it is presumed that the court relied upon the same grounds as the last reasoned state court opinion.  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 802 (1991).

Hill raised his claims regarding the illegally obtained evidence on direct review in the Louisiana courts.  The record demonstrates that the last reasoned decision was that of the Louisiana First Circuit which declined to consider Hill's writ application because he had failed to comply with Rules 4-5(A), and Rule 4-5(C)(1), (6), (7), (8), and (10) of the Uniform Rules of the Louisiana Courts of Appeal, as well as La. Code Crim. P. Art. 912.1 (C)(1).  This procedural denial was the last reasoned decision on the issue.  <u>Ylst</u>, 501 U.S. at 802.

### A. **<u>INDEPENDENT AND ADEQUATE</u>**

For the foregoing state law procedural bars to prevent review by this federal habeas court, the bar must be independent and adequate.  A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar.  <u>Amos</u>, 61 F.3d at 338.  To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases.  <u>Walker v. Martin</u>, ___

10

U.S. ___, 131 S.Ct. 1120, 1127 (2011); Glover, 128 F.3d at 902.

Rule 4 of the Uniform Rules of the Courts of Appeal and La.C.Cr.P. art. 912.1 are "adequate" procedural restrictions. See Batiste v. Cain, 2009 WL 3518169, *6 (W.D.La. Oct. 29, 2009) (because Louisiana courts of appeal regularly invoke them to bar review of non-conforming writ applications, Rule 4 of the Uniform Rules of the Courts of Appeal and La.C.Cr.P. art. 912.1 are "adequate" for purposes of applying the procedural default doctrine) (citing Thomas v. Cain, 2007 WL 2874778, *9 (W.D.La. Sept. 7, 2007)); Ware v. Cooper 2010 WL 6637817, *7 (W.D.La. Nov. 19, 2010) (same), adopted, 2011 WL 1837801 (W.D.La. May 12, 2011). Further, Rule 4 and Article 912.1 are "independent" because the last reasoned judgment, that of the Louisiana First Circuit, expressly relied on them in declining to consider Hill's claims.

### B. **CAUSE AND PREJUDICE**

A federal habeas petitioner may be excused from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claims will result in a "fundamental miscarriage of justice." Id. (citing Coleman, 501 U.S. at 731–32); Amos, 61 F.3d at 338–39 (citing Harris, 489 U.S. at 262; Engle v. Isaac, 456 U.S. 107, 129 (1982)).

To establish cause for a procedural default, a petitioner must

demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. Murray v. Carrier, 477 U.S. 478, 488 (1986).

Hill has not offered any cause for the default which would excuse the procedural bars imposed by the Louisiana courts. This Court's review of the record does not support a finding that any factor external to the defense prevented Hill from raising these claims in a procedurally proper manner. The record also does not reflect any action or inaction on the part of the State which prevented him from doing so.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." Hoque v. Johnson, 131 F.3d 466, 497 (5th Cir.1997) (citing Engle, 456 U.S. at 134 n. 43). Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and Hill has not alleged any actual prejudice. Ratcliff v. Estelle, 597 F.2d 474 (5th Cir.1979) (citing Lumpkin v. Ricketts, 551 F.2d 680, 681–82 (5th Cir.1977)).

### C. FUNDAMENTAL MISCARRIAGE OF JUSTICE

Hill may avoid procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claims are not reviewed. Hoque, 131 F.3d at 497 (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage

of justice, Hill must provide this Court with evidence that would support a "colorable showing of factual innocence." Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986); accord Murray, 477 U.S. at 496; Glover, 128 F.3d at 902. When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. Glover, 128 F.3d at 903.

Hill provides no indication, and the record contains nothing that suggests, his actual innocence on the underlying convictions. Accordingly, his claims that unlawfully obtained evidence was used to secure his convictions and that his counsel was ineffective in failing to suppress this evidence are procedurally barred. These claims must be dismissed with prejudice for that reason.

**V. MERITS**

   **A. FAILURE TO OBTAIN A JURY TRIAL/NEW TRIAL**

Hill contends that counsel was ineffective in failing to "try for a jury trial when asked."[16] Hill also contends that counsel was ineffective in failing to seek a new trial.[17]

Under Louisiana law, Hill's charges were not triable by a jury. Hill's charge of first offense DWI carried a penalty of a

---

[16]Rec. Doc. No. 4, p. 5.

[17]Rec. Doc. No. 1, p. 3.

fine of no less than $300 <u>nor more than $1000</u> and imprisonment of not less than ten days <u>nor more than six months</u>. LSA-R.S. 14:98(B)(1) (emphasis added). Hill's charge of careless operation of a motor vehicle, first violation, carried a penalty of a fine of not more than $175 or imprisonment of not more than 30 days or both, unless otherwise specifically provided. LSA-R.S. 32:57(A) and LSA-R.S. 32:58. Under La.C.Cr.P. art. 779, a defendant charged with an offense in which the punishment may be a fine of <u>$1000 or less</u> or imprisonment for <u>six months or less</u>, "shall be tried by the court without a jury." (Emphasis added). Thus, based upon Hill's charges, an attempt by counsel to obtain a jury trial would have been futile. Counsel cannot be ineffective for failing to pursue a futile course of action. <u>United States v. Manley</u>, 2011 WL 2259761, *3 (E.D.Pa.2011); <u>see</u> <u>Lindsey v. Cain</u>, 267 Fed. Appx. 374, *1 (5th Cir.2008) (counsel is not ineffective by failing to raise frivolous or futile claims) (citing <u>Johnson v. Cockrell</u>, 306 F.3d 249, 255 (5th Cir.2002)).[18]

Additionally, Hill was not denied due process by virtue of his denial of a jury trial. In <u>Landry v. Hoepfner</u>, 840 F.2d 1201, 1202 (5th Cir. 1988) (<u>en</u> <u>banc</u>), <u>cert</u>. <u>denied</u>, 489 U.S. 1083 (1989), the

---

[18]Similarly, counsel cannot be deemed ineffective for failing to file a futile motion.  Hill provides no basis upon which counsel should have filed a motion seeking a new trial.

14

issue before the Fifth Circuit Court of Appeals was whether in a Louisiana prosecution for a first offense of DWI, the Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, entitles a defendant to a jury trial. Based upon the following, the Fifth Circuit determined that a defendant charged with a first offense DWI in Louisiana does <u>not</u> have a constitutional right to a jury trial.

The Fifth Circuit examined applicable constitutional law, along with its parameters as established by jurisprudence.

> Article III, Section 2, of the Constitution provides, in its third clause, that "[t]he trial of all crimes ... shall be by jury," and the Sixth Amendment requires "[t]hat in all criminal prosecutions, the accused shall enjoy the right to a ... trial, by an impartial jury...." It was recognized, however, that these provisions, though they applied to misdemeanors as well as felonies, <u>did not extend the right of trial by jury to "petty offenses."</u> <u>Callan v. Wilson</u>, 127 U.S. 540, 8 S.Ct. 1301, 1306-07, 32 L.Ed. 223 (1888); <u>Schick v. United States</u>, 195 U.S. 65, 24 S.Ct. 826, 49 L.Ed. 99 (1904); <u>District of Columbia v. Colts</u>, 282 U.S. 63, 51 S.Ct. 52, 53, 75 L.Ed. 177 (1930); <u>District of Columbia v. Clawans</u>, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843 (1937).[19] [Footnote original] [Emphasis added.]

<u>Landry</u>, 840 F.2d at 1205.

---

[19]The decisions indicate that there is no distinction between the jury trial provisions of Article III, Section 2, and the Sixth Amendment [and the Fourteenth Amendment] with respect to the grade or character of offense which gives rise to entitlement to a jury. <u>See</u>, <u>e.g.</u>, <u>Callan</u>, 8 S.Ct. at 1303-04.

In determining what constitutes a "petty" offense, the Fifth Circuit examined the Supreme Court decision in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 1453 (1968), in which the Court recognized that "it would inevitably become 'necessary to draw a line in the spectrum of crime, separating petty from serious infractions,'" but declined to draw that line since the offense at issued carried a two-year sentence which "clearly placed the offense ... in the 'serious' category." Landry, 840 F.2d at 1205 (citing Duncan, 88 S.Ct. at 1453).

The Fifth Circuit also reviewed Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 1888-90 (1970), in which the Court "fixed [the line] on the basis of whether the maximum permissible confinement exceeded six months...." Landry, 840 F.2d at 1205.[20] The Fifth Circuit recognized, however, that it firmly rests in the hands of state legislatures, based upon the imprisonment terms set (six

---

[20]The Fifth Circuit noted that the Supreme Court decisions since Baldwin had likewise considered the length of confinement, rather than any other peripheral penalty such as a fine, as determinative in "establishing the dividing line between petty and serious offenses. Landry, 840 F.2d at 1208, 1215-16. See Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 2008 (1972) (the right to trial by jury "guaranteed by the Sixth Amendment by reason of the Fourteenth," is limited to trials where the potential imprisonment is six months or more); Codispoti v. Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687, 2691 (1974) (the dividing line between petty and serious offenses is determined by the imprisonment associated with the offense; a sentence of more than six months - serious offense; six months or less - petty offense).

16

months or less, or more than six months), as to whether a crime is classified as petty or serious.

> What is "serious" in Vermont may not be "serious" in Louisiana, in terms either of a particular problem's concrete manifestations or of the popular perception or evaluation of it in each of those states. Not only do conditions vary from state to state, but so do people's attitudes, both normative and prudential. Accordingly, ... when the legislature of a state elects to make criminal certain conduct within that state's borders, <u>it is likewise entitled to determine that the offense it has created shall not be a "serious" one by fixing for it a maximum penalty which is concededly "petty" under the bright-line rule of Baldwin</u>. Inevitably, different determinations will be made in different states, and within any one state there will also be bona fide disagreement. But there is simply no warrant in history, precedent, or policy for the federal judiciary to second-guess that legislative determination on the basis of the judiciary's own conclusions....

Landry, 840 F.2d at 1209-10 (emphasis added).

As noted above, the penalties set for the charges lodged against Hill were imprisonment terms of six months or less.[21] As such, the Louisiana legislature has classified the charges as petty offenses, not triable before a jury. Its decision in this regard is in accordance with Supreme Court precedent. Accordingly;

### RECOMMENDATION

It is hereby **RECOMMENDED** that the instant application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed

---

[21] See supra at p. 14.

17

findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996)(<u>en banc</u>).[22]

New Orleans, Louisiana, this  9th  day of    January   , 2013.

                                                    *Alma L. Chasez*
                                                ALMA L. CHASEZ
                               UNITED STATES MAGISTRATE JUDGE

---

[22]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.